**Hearing Date and Time: December 17, 2020 at 10:00 a.m. (ET)**

**ROSENBERG & ESTIS, P.C.**
733 Third Avenue
New York, New York 10017
Telephone: (212) 687-6000
Facsimile: (212) 551-8484
Email: jrose@rosenbergestis.com
Email: hkingsley@rosenbergestis.com
Email: edamico@rosenbergestis.com
Jack J. Rose, Esq.
Howard W. Kingsley, Esq.
Evan E. D'Amico, Esq.
*Attorneys for Landlord-Creditor*
   *Times Square Associates LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

In re:                                                              :            Chapter 7
                                                                        :
GULLIVER'S GATE, LLC,                             :            Case No. 19-13392 (REG)
                                                                        :
                                             Debtor.        :
– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

### LIMITED OBJECTION OF TIMES SQUARE ASSOCIATES LLC TO THE MOTION OF ZAIDY'S LLC TO COMPEL ABANDONMENT

Times Square Associates LLC ("TSA"), by and through its undersigned counsel,

respectfully submits this limited objection (the "Objection") to the Motion of Zaidy's LLC

("Zaidy's") to Compel Abandonment [Docket No. 67] (the "Abandonment Motion").

1.        Gulliver's Gate, LLC (the "Debtor") filed its Chapter 11 Voluntary Petition on

October 24, 2019 (the "Petition Date").  Therefore, pursuant to Section 365(d)(4) of the

Bankruptcy Code the Debtor had 120-days to assume or reject the underlying nonresidential

lease, dated November 9, 2015 (the "Lease") associated with the premises located at 216 West

44th Street, New York, New York (the "Premises").[1]

---

[1] The Debtor did not seek to extend the time to assume or reject the Lease.

2.      On November 27, 2019, TSA filed a Motion to Modify the Automatic Stay

Pursuant to 11 U.S.C. § 362 [Docket No. 13] (the "Lift Stay Motion").  The Lift Stay Motion

was originally scheduled to be heard on December 18, 2019.  On December 19, 2019, the Lift

Stay Motion was adjourned *sua sponte* by the Court to a date to be determined [Docket No. 21].

On December 23, 2019, this case was reassigned to Judge Roberg E. Grossman because Judge

Mary Kay Vyskocil was appointed to the Southern District of New York.  Around the time of the

case reassignment, TSA was directed by the Court to file a notice to adjourn the Lift Stay

Motion, which notice was filed by TSA on January 14, 2020 and adjourned the Lift Stay Motion

to February 18, 2020 [Docket No. 30], at the hearing on February 18, 2020 the Court granted an

adjournment of the Lift Stay Motion to March 3, 2020 [Docket No. 41], at the hearing on March

3, 2020 the Court granted another adjournment of the Lift Stay Motion to March 31, 2020

[Docket No. 45].  On March 30, 2020, a Stipulation and Order was filed by TSA and the Debtor

further adjourning the Lift Stay Motion to May 19, 2020 [Docket No. 43].

3.      On December 17, 2019, TSA filed a Motion for an Order pursuant to 11 U.S.C.

§§ 365(d)(3) and 503, for the Payment of Post-Petition and Pre-Rejection Lease Obligations as

Administrative Expenses [Docket No. 22] (the "365(d)(3) Motion").  On January 14, 2020, TSA

filed a notice to adjourn the 365(d)(3) Motion to February 18, 2020 [Docket No. 29], which TSA

was directed to file by the Court because of the case reassignment.  At the hearing on February

18, 2020 the Court granted an adjournment of the 365(d)(3) Motion to March 3, 2020 [Docket

No. 41], at the hearing on March 3, 2020 the Court granted another adjournment of the 365(d)(3)

Motion to March 31, 2020 [Docket No. 45].  On March 30, 2020, a Stipulation and Order was

filed by TSA and the Debtor further adjourning the 365(d)(3) Motion to May 19, 2020 [Docket

No. 43].

- 2 -

4.    On February 21, 2020, the 120th day after the Debtor's Chapter 11 case was filed, the Lease was rejected pursuant to Section 365(d)(4).

5.    Notwithstanding the delays that were encountered, the failure of the Debtor to extend the time to assume or reject the Lease and its ongoing struggles, TSA sought to allow the Debtor to have time to develop a Plan of Reorganization that would allow it to emerge from bankruptcy.  These efforts are demonstrated by a number of Stipulations that were filed with the Court.

6.    On January 31, 2020, TSA and the Debtor filed a Stipulation and Order for, *inter alia*, the preservation of Debtor's estate [Docket No. 38].  On March 30, 2020, TSA and the Debtor filed a subsequent Stipulation and Order extending the provisions in the first Stipulation and Order until the next hearing date, which was May 19, 2020 [Docket No. 43].

7.    Alas, on May 20, 2020, notwithstanding the willingness of TSA to consent to the appointment of a Chapter 11 trustee, the Court converted this case to Chapter 7  pursuant to 11 U.S.C. § 1112(b)(4) [Docket No. 47].  On May 20, 2020, Deborah J. Piazza was appointed interim trustee and on May 20, 2020, Ms. Piazza (the "Trustee") became the permanent trustee [Docket No. 48].

8.    TSA is owed millions of dollars in administrative rent from the Debtor and the Trustee.  TSA understands that the Trustee has faced a number of hurdles with little resources, in a difficult environment where COVID has ravaged the leisure market.  Moreover, the Trustee has been forced to seek a buyer for the Debtor's assets at a time when many companies are fighting for their survival.  As such, TSA understands if the Trustee wishes to abandon burdensome property.

- 3 -

9.      Accordingly, TSA has no objection to the Trustee abandoning any property of the Debtor's estate that the Trustee determines to be burdensome.  However, because the Lease was rejected, the Trustee does not have control over the Premises.  Moreover, the Trustee does not have any right to direct TSA to grant access to a third party to enter the Premises.  If a third party wishes to remove property from the Premises, TSA has a right to be protected and have proper insurance in place and if storage charges are permitted to be charged or if other claims may exist among the parties those should be resolved among them outside of this Court.

10.     Therefore, TSA supports the Trustee's right to abandon any property that it finds burdensome but asks that the Court limit the relief it grants solely to the abandonment of such property and not enter an Order that affects the rights of non-debtor third parties that have been involved in a multi-year litigation.

11.     Specifically, in its proposed Order, Zaidy's asks that (i) "the Personalty be abandoned to Zaidy's", and (ii) the "Trustee be, and she hereby is, directed to give Zaidy's reasonable access to the Premises reasonable cooperation on the turnover of the Personalty to Zaidy's".

12.     Clearly, such request puts this Court in the position of Ordering the Trustee in the position of not abandoning property which would be merely walking away and leaving property but of illegally taking control of TSA's Premises.  Zaidy's offers no legal authority supporting its assertion that the Trustee or this Court has the power to take such action.

13.     Therefore, Zaidy's request that the Trustee abandon property located in the Premises to Zaidy's according to the terms of Zaidy's proposed Order should be denied, and rather that the property should be abandoned pursuant to the terms set forth in the accompanying

- 4 -

proposed order.  To the extent there is a dispute between Zaidy's and TSA, any such issues can

be resolved consensually among the parties or in a forum outside of this Court.

## LIMITED OBJECTION

14.    The Lease was neither assumed nor rejected by the Debtor or the Trustee.

Therefore, pursuant to Section 365(d)(4)(A) of the Bankruptcy Code the Lease was deemed

rejected on February 21, 2020, which was the 120th day after the day on which the Debtor

commenced its Chapter 11 case.  Section 365(d)(4)(A) of the Bankruptcy Code provides:

> Subject to subparagraph (B), an unexpired lease of nonresidential real property under
> which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately
> surrender that nonresidential real property to the lessor, if the trustee does not assume or
> reject the unexpired lease by the earlier of-- (i) the date that is 120 days after the date of
> the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

15.    The 120-day time period is calculated from the date the petition was filed.  *In re*

*New York Skyline, Inc.*, 520 B.R. 1, 10 (SDNY 2014) ("it is important to consider the statutory

framework under the Bankruptcy Code for assuming a lease of nonresidential real property.

Under section 365(d), a debtor has 120 days from the filing of its petition to assume such a

lease.  A lease that is not assumed within that period of time is deemed rejected").

16.    Since the Lease was rejected, the Trustee cannot exercise possession of the

Premises.  *In re Locke*, 180 B.R. 245, 257 (Bankr. C.D. Cal. 1995) ("[r]ejection of

a lease under § 365 results in the termination of the debtor/lessee's right to possession of

the property subject to the lease").

17.    Under Section 554 of the Bankruptcy Code the Trustee may abandon property of

the estate. 11 U.S.C. § 554 ("[a]fter notice and a hearing, the trustee may abandon any property

RE\80812\0003\3285931v4

of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate").  However, that does not give the Trustee or Zaidy's right to the Premises.

18.     Once the property is abandoned, Zaidy's will need to discuss with TSA arrangements to obtain access and recover any property over which is has a valid claim.  For instance, TSA has a right to require insurance, to identify who will be performing services, to assure that any contractors are licensed and properly authorized, before allowing Zaidy's to enter the Premises or take any action on the Premises.  In addition to the extent Zaidy's and TSA have outstanding claims against one another these may need to be resolved.  However, these issues will either be resolved consensually among the parties or in a forum outside of this Court.

19.     Accordingly, to the extent the Trustee finds property of the Debtor's estate to be burdensome TSA supports the Trustee's right to abandon such property but does not believe that any property should or may be abandoned (i) to Zaidy's or (ii) that the Trustee can grant access to the Premises since the Trustee no longer has any claim to the Premises.

RE\80812\0003\3285931v4

**WHEREFORE**, TSA requests this Court either deny the Abandonment Motion or deny the Abandonment Motion in part and grant the Abandonment Motion in part and enter the Order annexed hereto and grant such other and further relief as is just.

Dated:   New York, New York
         December 14, 2020

Respectfully submitted,

**ROSENBERG & ESTIS, P.C.**

By: */s/ Jack J. Rose*
    Jack J. Rose

733 Third Avenue
New York, NY 10017
(212) 867-6000

*Counsel for Landlord-Creditor Times Square Associates LLC*

- 7 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GULLIVER'S GATE, LLC, | : | Case No. 19-13392 (REG) |
| | : | |
| Debtor. | : | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

## ORDER DENYING ZAIDY'S LLC'S MOTION TO COMPEL

Upon the motion dated November 30, 2020 (the "Motion") of Zaidy's LLC ("Zaidy's") to compel Deborah J. Piazza, as Chapter 7 Trustee (the "Trustee") of Gulliver's Gate, LLC (the "Debtor") to abandon to Zaidy's the Debtor's estate's interest the Debtor's personal property other than leased and/or financed machinery and equipment (the "Property") under Section 554(b) of the Bankruptcy Code, and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, that the Motion is denied in part and granted in part as set forth herein, and it is further

ORDERED, that all personal Property of the Debtor at 216 West 44th Street, New York, New York, including those certain miniature models of worldwide sites that were displayed by the Debtor, and digital, lighting and other equipment utilized in connection therewith, are abandoned pursuant to Section 544(b) of the Bankruptcy Code; and it is further

ORDERED, that the provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered dismissing this case.

Dated:  New York, New York
   December ___, 2020

          _____
          HONORABLE ROBERT E. GROSSMAN
          UNITED STATES BANKRUPTCY JUDGE

- 8 -