Hearing Date:  June 15, 2021 at 10:00 a.m. (ET)
Objection Deadline:  June 8, 2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GULLIVER'S GATE, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-13392 (LGB) |

**NOTICE OF MOTION INTERVENE**

**PLEASE TAKE NOTICE** that Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2 ("**Lender**") has filed its *Motion to Intervene* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a telephonic hearing on the Motion will be held on **June 15, 2021 at 10:00 a.m. (ET)** using the service of CourtSolutions, before the Honorable Lisa G. Beckerman, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 523 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **June 8, 2021**, upon counsel for Lender.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

78071590.1

Dated: May 18, 2021

                POLSINELLI PC

By: */s/ David D. Ferguson*
    David D. Ferguson
    900 West 48th Place, Suite 900
    Kansas City, Missouri 64112
    (816) 753-1000
    dferguson@polsinelli.com

    Morgan C. Fiander
    600 Third Avenue, 42nd Floor
    New York, New York 10016
    (212) 684-0199
    Fax No. (212) 684-0197
    mfiander@polsinelli.com

*Attorneys for Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2*

78071590.1

Hearing Date: June 15, 2021 at 10:00 a.m. (ET)
Objection Deadline: June 8, 2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GULLIVER'S GATE, LLC,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 19-13392 (LGB) |

## MOTION TO INTERVENE

Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2[1] ("**Lender**"), hereby moves the Court for an Order allowing Lender to intervene in the above-captioned case pursuant to Rule 2018 of the Federal Rules of Bankruptcy Procedure. In support of this motion, Lender states:

### INTRODUCTION

1.　　Gulliver's Gate, LLC (the "**Debtor**") was a tenant at a property located in New York, New York (the "**Property**") under a written lease (the "**Lease**"). The landlord Times Square Associates LLC (the "**Landlord**") of the Property is indebted to Lender,[2] and that indebtedness is

---

[1] The underlying loan is evidenced by nine (9) promissory notes owned and held by various entities, which, in addition to Lender, are: Wilmington Trust, National Association, as Trustee, for the benefit of the registered holders of JPMDB Commercial Mortgage Securities Trust 2017-C5, Commercial Mortgage Pass Through Certificates, Series 2017-C5; Deutsche Bank Trust Company Americas, as Trustee, on behalf of the registered Holders of Citigroup Commercial Mortgage Trust 2017-P7, Commercial Mortgage Pass-Through Certificates, Series 2017-P7; and Wells Fargo Bank, National Association, as Trustee, on behalf of the registered Holders of CD2017-CD3 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2017-CD3. Pursuant to the Co-Lender Agreement executed in connection with the loan, Note A-1 is designated as the "Lead Note" and the holder of Note A-1 is designated as "Lead Note Holder." Lender is the holder of Note A-1. Under Section 13 of the Co-Lender Agreement, Lender, acting by and through its Special Servicer, has sole and exclusive authority with respect to the administration of, and exercise of rights and remedies with respect to, the loan, including the right to take legal action to enforce or protect the holders' interest. Lender therefore has authority to act on behalf of all other noteholders in this action.

[2] Times Square Associates LLC is the assignee of the Lease. Original landlords Elmwood NYT Owner, LLC, Wallkill NYT Owner, LLC, Landings NYT Owner, LLC, and Oakwood NYT Owner, LLC, are the borrowers in the underlying loan described in fn. 1.

secured by a Mortgage on the Property. The rents from the Property (the "**Rents**") were transferred to Lender under an Assignment of Leases and Rents (the "**ALR**") pursuant to which Landlords retained a revocable license to collect the Rents until default. After Landlord defaulted on its obligations to Lender, Lender obtained appointment of a receiver for the Property. The Landlord's license to collect the Rents has terminated, and Lender is now entitled to possession of the Rents.

2.    Prior to the appointment of the receiver, Landlord filed a motion to compel payment of certain postpetition Rents. Further, the Landlord filed proofs of claim for lease rejection damages. Under the ALR and applicable law, Lender is entitled to possession of the Rents and to control all litigation pertaining to the Rents. Lender therefore seeks to intervene in the Debtor's bankruptcy case under Rule 2018(a) of the Federal Rules of Bankruptcy Procedure (the "**Rules**") to pursue and protect Lender's interest in the Rents. In the alternative, Lender seeks to intervene under Rule 7024(a)(2). As detailed below, Lender easily meets all requirements of either Rule and should be permitted to intervene.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

4.    The statutory and Rule predicates for the relief requested herein are 11 U.S.C. Section 365 and 503, and Rules 2018 and 7024 of the Federal Rules of Bankruptcy Procedures (the "**Rules**").

## BACKGROUND

5.    On February 4, 2021, Lender sought a receiver over the Property pursuant to New York law, by filing the Attorney Affirmation of Morgan C. Fiander in Support of Ex Parte

Application to Appoint Receiver (the "**Sworn Application**"). A copy of the Sworn Application is attached to this motion as **Exhibit A**. The Sworn Application, at Paragraphs 1–5, and 13–27, details the loan transaction with the Landlord and how Lender came to acquire the loans secured by the Mortgage and as well as the ALR.

6. Several months before Lender sought a receiver, Lender filed a Verified Complaint against the Landlord. A copy of the Verified Complaint (with exhibits pertinent to this motion). That Verified Complaint was filed on November 5, 2020, and is attached as Exhibit 1 to the Sworn Application. A copy of the ALR is attached as Exhibit K to the Verified Complaint.

7. Lender filed the Verified Complaint and the Sworn Application after Landlord defaulted on its indebtedness to Lender. *See* Sworn Application, paragraphs 7-10, and 28. Landlord is indebted to Lender for more than $358 million. *See* Sworn Application, paragraphs 31-32.

8. The New York court granted the Sworn Application, entering an order appointing a receiver over the Property on March 17, 2021. A copy of that Order (the "**Receivership Order**") is attached to this motion as **Exhibit B**.

9. Meanwhile, in the Debtor's bankruptcy case, the Debtor failed to pay postpetition rent to Landlord, and Landlord filed is Motion of Times Square Associates LLC for an Order Pursuant to 11 U.S.C. Sections 365(d)(3) and 503, Directing the Immediate Payment of Post-Petition, Pre-Rejection Lease Obligations as Administrative Expenses (Doc. 22) (hereinafter, the "**Motion to Compel**"). Landlord filed a proofs of claim (Claim Nos. 13-1 and 14-1) relating to the rent obligations (collectively referred to herein as the "**Claims**").

3

# ARGUMENT

### A. Summary.

10. As a result of the appointment of the receiver, the Landlord's license to collect the Rents has terminated. Lender is entitled to all Rents from the Property, including the Rents due under the Claims and the Motion to Compel. Lender's ownership of the Rents provides Lender with a direct interest in the Claims and the Motion to Compel. The Landlord no longer has an interest in the Rents and does not adequately represent Lender's interests in the bankruptcy case. No party would be prejudiced by Lender's intervention. Under such circumstances, Lender is entitled to intervene in the Debtor's bankruptcy case under either Rule 2018(a) or Rule 7024(a)(2).

### B. Lender meets the requirements for permissive intervention under Rule 2018(a).

11. Rule 2018(a) addresses permissive intervention in bankruptcy cases generally (including intervention in contested matters). Rule 2018(a) provides: "Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." "Rule 2018(a) allows permissive intervention of an interested party upon a showing of cause either generally or with respect to any specified matter. Cause may be shown by establishing some economic or other similar interest in the pending matter. … While cause exists under Rule 2018(a) warranting permissive intervention, courts must also consider whether intervention would result in undue delay or prejudice." *In re Torrez*, 132 B.R. 924, 936 (Bankr. E.D. Cal. 1991). *See also In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr.S.D.N.Y.1989) ("An entity seeking permissive intervention under Rule 2018(a) must show cause, such as an economic interest in the case or one of its aspects or a concern with its precedential ramifications.").

### i. Lender has a clear interest in the subject matter of the litigation.

4

12. Lender has an overwhelming interest in the subject matter of the litigation because the Rents are the subject matter of the litigation and, as detailed below, the Rents are the property of the Lender. As provided in Section 2.1 of the ALR, Landlord absolutely conveyed the Rents to Lender, subject only to a revocable license to Landlord permitting it to collect the Rents. Section 2.1 states:

> **It is intended by Borrower that this Assignment constitute a present, absolute assignment of the Leases, Rents, Lease Guaranties and Bankruptcy Claims, and not an assignment for additional security only**. Nevertheless, subject to the terms of this Section 2.1 and the terms of the Loan Agreement and the Cash Management Agreement, **Lender grants to Borrower a revocable license to collect, receive, use and enjoy the Rents**, as well as any sums due under the Lease Guaranties and, subject to the terms of the Loan Agreement, to perform all other actions which Borrower is or may become entitled to perform under the Lease or Lease Guaranties and to exercise any and all rights, powers, privileges, options and other benefits with respect thereto. Until deposited into the Clearing Account, **Borrower shall hold the Rents**, as well as all sums received pursuant to any Lease Guaranty, or a portion thereof sufficient to discharge all current sums due on the Debt, **in trust for the benefit of Lender** for use in the payment of such sums in accordance with the Loan Agreement.

(Emphasis added).

13. Section 3.1 of the ALR provides for the Landlord's license to collect the Rents to terminate upon default, and for Lender to thereafter be entitled to possession of the rents:

> Upon the occurrence and during the continuance of an Event of Default, the license granted to Borrower in Section 2.1 of this Assignment shall automatically be revoked and Lender shall immediately be entitled to possession of all Rents and all sums due under any Lease Guaranties, whether or not Lender enters upon or takes control of the Property.

14. Section 3.1 of the ALR further provides that, after default, the Lender has the right to control all claims for the Rents and litigation associated with collection of the Rent, stating that Lender has the right to "exclude Borrower … [from the Property], and take possession of the Property and all books, records and accounts relating thereto, and have, hold, manage, lease and operate the Property … either with or without taking possession of the Property, in its own name,

5

demand, sue for or otherwise collect and receive all Rents … including, without limitation, those past due and unpaid …. Section 3.1 of the ALR further states that Lender has the right to "exercise all rights and powers of Borrower, including, without limitation, the right to negotiate, execute, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rents from the Property."

15. Section 3.5 of the ALR further addresses the rights of Lender in connection with a bankruptcy filing by a tenant of the Landlord. Section 3.5, providing as follows:

> Upon the occurrence and during the continuance of an Event of Default, Lender shall have the right to proceed in its own name or in the name of [Landlords] in respect of any claim, suit, action or proceeding relating to the rejection of any Lease, including, without limitation, the right to file and prosecute, to the exclusion of [Landlord], any proofs of claim, complaints, motions, applications, notices and other documents, in any case in respect of the lessee under such Lease under the Bankruptcy Code.

16. Lender obtained the appointment of a receiver over the Property on March 17, 2021. Under New York law, the Landlord lost its interest in the Rents no later than March 17, 2021, and Lender became entitled to possession of all rents from that date forward. *See Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 139–40 (S.D.N.Y. 1991) (upon notice of breach to the borrower, lender is entitled to rents where assignment of rents is phrased as absolute, with borrower having only a revocable license to collect the rents); *In re Soho 25 Retail, LLC*, No. ADV. 11-1286-SHL, 2011 WL 1333084, at *7 (Bankr. S.D.N.Y. Mar. 31, 2011) (internal citations omitted) (where assignment of rents is phrased as absolute, with borrower having only a revocable license to collect the rents, lender is entitled to possession of the rents upon taking affirmative action to protect its interest in the rents, such as by seeking the appointment of a receiver, lender is entitled to rents).

6

17. The matters into which Lender seeks to intervene are proceedings affecting the Claims and the Motion to Compel, all of which directly concern Lender's interest in the Rents. Pursuant to New York law and the terms of the ALR, Lender has an overwhelming interest—in fact, the sole interest—in the subject matter of the litigation.

18. Lender has an overwhelming interest in the subject matter of the Claims and the Motion to Compel. Moreover, allowing Lender to intervene will not cause any prejudice or undue delay in the case or the resolution of the Claims or the Motion to Compel. The Debtor's bankruptcy plan has already been confirmed. There is not yet an objection to the Claims. Accordingly, allowing Lender to intervene would not cause any prejudice or undue delay.

**C. Legal standard for intervention as of right under Rule 7024(a).**

19. Lender also meets the requirements for intervention as of right under Rule 7024(a)(2). That Rule requires that a movant be permitted to intervene where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

20. The Claims and the Motion to Compel initiated contested matters governed by Rule 9014. Rule 7024 is not automatically incorporated into proceedings on contested matters. The Court, however, is permitted to incorporate Rule 7024 into proceedings on contested matters pursuant to Rule 9014(c), which states, in relevant part, that "The court may at any stage in a particular matter direct that one or more of the rules in Part VII shall apply." S*ee also In re Cathcart,* 203 B.R. 599, 605, fn. 4 (party permitted to intervene under Rule 7024 in contested matter initiated by trustee's objection to exemptions because party had economic interest in the outcome of the dispute); *Superior Paint Mfg. Co., Inc. v. Lopez–Soto (In re Lopez–Soto),* 764 F.2d

7

23, 25–26 (1st Cir.1985) (party allowed to intervene under Rule 7024 in contested matter initiated by stay relief motion).

21.    The requirements for granting a party's motion to intervene as of right under Rule 7024(a)(2) were outlined by the court in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 550 B.R. 241, 247–48 (Bankr. S.D.N.Y. 2016) as follows:

> In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) file a timely application, (2) show an interest relating to the property or transaction that is the subject matter of the action, (3) demonstrate that the ability to protect that interest may be impeded or impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

Further, the inquiry under Rule 24 is "flexible" and "the factors should 'be read not discretely, but together.'" *Id.* at 248 (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984). "A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention." *Id.*

**D. Lender also meets the requirements for intervention as of right under Rule 7024(a)(2).**

    **i.    Lender's request for intervention is timely.**

22.    "Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *U.S. v. State of N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987). "The most significant criterion is whether the delay in moving for intervention has

8

prejudiced any of the existing parties." *Securities Investor Protection*, 550 B.R. at 248 (quoting *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000)).

23. Lender here is seeking to intervene shortly after the event giving rise to the request for intervention arose. On March 17, 2021, the receiver was appointed over the Property, and as of that date the Landlord lost its license to collect the Rents and the Lender became entitled to possession of the Rents.

24. The Debtor's Chapter 11 case was converted to Chapter 7 on May 20, 2020 (Doc. 47). There would be no prejudice to the Debtor or the Chapter 7 Trustee from allowing the Lender to intervene. No objections have been filed yet to the Claims. There would be no prejudice to the Debtor or the Landlords by allowing Lender to intervene now because the litigation is at such an early stage.

### ii. Disposition of the Claims and Motion to Compel without Lender's presence would impair Lender's ability to protect its interest in the Rents.

25. The Landlord no longer has any interest in the Rents, and no incentive to pursue the Claims or the Motion to Compel. As discussed above, Lender has the sole right to control pursuit of the Claims and the Motion to Compel, including the *sole* right to control litigation pertaining to the Rents and the right to possession of the Rents. Absent the right to intervene, Lender's ability to protect its interest in the Rents would be grossly impaired.

### iii. Lender's interest is not adequately represented by the existing parties.

26. As discussed above, the Landlord no longer has an interest in the Rents, the Claims, or the Motion to Compel. With the Landlord no longer having an interest in the Rents, there is no longer any party in the bankruptcy case to advocate for the collection of the Rents under the Claims or the Motion to Compel. No party in the bankruptcy case represents Lender's interest in the Rents, and at present there is not a party in the bankruptcy case with authority to litigate Lender's rights

9


                                      Pg 12 of 13

to the Rents under the Claims and Motion to Compel or to negotiate to resolve any disputes pertaining to the Rents. It is thus clear that Lender's interest is not adequate represented by the existing parties in the bankruptcy case.

## Conclusion

27. Lender meets the standards for permissive intervention under Rule 2018(a) and for intervention as of right under Rule 7024(a)(2). Absent intervention, Lender's rights in the Rents will be left entirely unprotected as no party other than Lender has the right to possession of the Rents or to control litigation and negotiations regarding the Rents, including the pursuit of recovery on the Claims and the Motion to Compel. The circumstances faced by Lender fit squarely within the purposes Rules 2018(a) and 7024(a)(2), and Lender should be permitted to intervene in this bankruptcy case as a matter of right with respect to matters involving the Claims and the Motion to Compel.

WHEREFORE Lender requests that the Court enter an Order (i) directing that Rule 7024 apply with respect to proceedings on the Claims and Motion to Compel; (ii) allowing Lender to intervene in this bankruptcy case permissively under Rule 2018(a) or as of right under Rule 7024(a)(2); (iii) directing that Lender shall be entitled, to the exclusion of the Landlord or any other person or entity, to control, prosecute, negotiate, settle, litigate, or otherwise pursue the proceedings on the Motion to Compel; (iv) directing all sums determined to be due under the Motion to Compel shall be paid directly to Lender rather than to the Landlord; (v) directing that Lender shall be entitled, to the exclusion of the Landlord or any other person or entity, to control, prosecute, negotiate, settle, litigate, or otherwise pursue the proceedings on the Claims; (vi) directing all sums determined to be due under the Claims shall be paid directly to Lender rather

than to the Landlord or any other person or entity; and (vii) granting such other and further relief to Lender as is just and proper.

Dated:  May 18, 2021

          Respectfully submitted,

          POLSINELLI PC

          By: */s/ David D. Ferguson*
              David D. Ferguson
              900 W. 48th Place, Suite 900
              Kansas City, Missouri 64112
              (816) 753-1000
              Fax No. (816) 753-1536
              dferguson@polsinelli.com

              Morgan C. Fiander
              600 Third Avenue, 42nd Floor
              New York, New York 10016
              (212) 684-0199
              Fax No. (212) 684-0197
              mfiander@polsinelli.com

*Attorneys for Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2*